UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00394-FDW-DSC

| | |
|---|---|
| DARIAN SEWEL, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMERICAN TIRE DISTRIBUTORS, INC., )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant American Tire Distributors, Inc.'s ("**Defendant**") Motion for Summary Judgment and Motion to Strike Plaintiff Darian Sewel, Jr.'s ("**Plaintiff**") Claim for Punitive Damages and Emotional Distress Damages. (Doc. No. 16). The motions are now ripe for review. For reasons stated herein, the Court DENIES Defendant's Motion for Summary Judgment and GRANTS Defendant's Motion to Strike. (Doc. No. 16).

## I. BACKGROUND

This lawsuit arises out of Plaintiff's employment as a full-time warehouse associate at Defendant's distribution center in Charlotte, North Carolina. Plaintiff alleges Defendant engaged in unlawful employment practices against Plaintiff by interfering with Plaintiff's Family Medical and Leave Act ("FMLA") rights and retaliating against Plaintiff for exercising those rights. (Doc. No. 1). Plaintiff's FMLA claims are based on his termination on March 26, 2021, immediately following his son's birth on March 25, 2021. See id. Defendant contends Plaintiff was terminated for violating company policy regarding attendance standards. Plaintiff's complaint seeks

1

compensatory damages, including emotional distress damages, punitive damages, liquidated damages, and prejudgment interest. Id. at 6.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477

2

Case 3:21-cv-00394-FDW-DSC   Document 23   Filed 08/30/22   Page 2 of 6

compensatory damages, including emotional distress damages, punitive damages, liquidated damages, and prejudgment interest. Id. at 6.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477

U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. ANALYSIS

#### A. FMLA Claims

Plaintiff asserts both an FMLA interference claim and an FMLA retaliation claim. The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of . . . any right under [the FMLA]" or to "discharge or . . . discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a). The Court accordingly evaluates the merits of Plaintiff's FMLA claims under both the interference and retaliation theories.

##### 1. Interference

Plaintiff argues Defendant terminated Plaintiff to interfere with his use of FMLA leave, leave he would have been entitled to absent interference by termination. Defendant argues Plaintiff's interference claim fails because Plaintiff would have been terminated on March 26, 2021, regardless of his FMLA request. (Doc. No. 17, p. 20). To make out an FMLA interference claim, an employee "must demonstrate that (1) he is entitled to an FMLA benefit; (2) his employer interfered with the provision of that benefit; and (3) that the interference caused harm." Adams v. Anne Arundel Cnty. Pub. Schs., 789 F.3d 422, 427 (4th Cir. 2015) (citing Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (internal citations omitted)). An employee is only entitled to an FMLA benefit if the employee is taking "FMLA-qualifying leave" and provides adequate notice to the employer of the qualifying leave. See Rhoads, 257 F.3d at 382-

3

83 (discussing the employee's FMLA obligations); Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 515-16 (D. Md. 2008) ("The core requirements for triggering an employer's obligations [under the FMLA] are *a serious health condition* and *adequate communication*, meaning a timely communication sufficient to put an employer on notice that the protections of the Act may apply." (emphasis in original)); Brushwood v. Wachovia Bank, N.A., 520 F. App'x 154, 157 (4th Cir. 2013).

The Court finds that questions of material fact exist as to this claim. For example, the parties present conflicting evidence as to the adequacy and timing of Plaintiff's notice of FMLA leave and Defendant's enforcement of the attendance policy which is the proffered reason for Plaintiff's termination. Liberty Lobby, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Accordingly, this claim is appropriately resolved by a jury.

### 2. Retaliation

"Retaliation claims brought under the FMLA are analogous to those brought under Title VII." Adams, 789 F.3d at 429 (citing Laing v. Fed. Express Corp., 703 F.3d 713, 717 (4th Cir. 2013)). Unless a plaintiff can offer direct and/or indirect evidence of discrimination, a plaintiff must prove the following to establish a *prima facie* case of retaliation under the FMLA: "(1) [h]e engaged in protected activity; (2) h[is] employer took an adverse employment action against h[im]; and (3) there was a causal link between the two events." Adams, 789 F.3d at 429 (internal quotations omitted). Then, if the defendant can provide a nondiscriminatory reason for the adverse

4

Case 3:21-cv-00394-FDW-DSC    Document 23    Filed 08/30/22    Page 4 of 6

83 (discussing the employee's FMLA obligations); Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 515-16 (D. Md. 2008) ("The core requirements for triggering an employer's obligations [under the FMLA] are *a serious health condition* and *adequate communication*, meaning a timely communication sufficient to put an employer on notice that the protections of the Act may apply." (emphasis in original)); Brushwood v. Wachovia Bank, N.A., 520 F. App'x 154, 157 (4th Cir. 2013).

The Court finds that questions of material fact exist as to this claim. For example, the parties present conflicting evidence as to the adequacy and timing of Plaintiff's notice of FMLA leave and Defendant's enforcement of the attendance policy which is the proffered reason for Plaintiff's termination. Liberty Lobby, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Accordingly, this claim is appropriately resolved by a jury.

### 2.     Retaliation

"Retaliation claims brought under the FMLA are analogous to those brought under Title VII." Adams, 789 F.3d at 429 (citing Laing v. Fed. Express Corp., 703 F.3d 713, 717 (4th Cir. 2013)). Unless a plaintiff can offer direct and/or indirect evidence of discrimination, a plaintiff must prove the following to establish a *prima facie* case of retaliation under the FMLA: "(1) [h]e engaged in protected activity; (2) h[is] employer took an adverse employment action against h[im]; and (3) there was a causal link between the two events." Adams, 789 F.3d at 429 (internal quotations omitted). Then, if the defendant can provide a nondiscriminatory reason for the adverse

employment action, the plaintiff has an opportunity to show that the employer's stated reason is pretext. Id.

Here, the Court is satisfied that the record before the Court creates a genuine dispute as to material facts. Plaintiff has presented circumstantial evidence to support a causal link between his FMLA requested leave and his termination. Defendant's evidence indicates the causal connection was broken by Plaintiff's acts on March 26, 2021. Additionally, Defendant asserts a non-discriminatory reason for Plaintiff's termination, and Plaintiff has presented minimally-sufficient evidence to suggest Defendant's stated reason is pretextual. In sum, the parties' arguments and evidence raise an issue of credibility, which is more appropriately resolved by a jury. Liberty Lobby, 477 U.S. at 255. Accordingly, Defendant is not entitled to summary judgment on the Plaintiff's claim for retaliation under the FMLA.

**B.    Punitive Damages and Emotional Distress Damages**

"'A plaintiff cannot recover punitive damages or non-economic compensatory damages such as emotional distress, pain and suffering, physical injury, damaged reputation, or humiliation for a FMLA violation.'" Harwood v. CFT Auto Inv'rs, LLC, No. 3:15-CV-614-RJC-DSC, 2016 WL 3438039, at *3 (W.D.N.C. May 18, 2016), report and recommendation adopted, No. 315CV00614RJCDSC, 2016 WL 3381268 (W.D.N.C. June 14, 2016) (quoting Baucom v. Cabarrus Eye Ctr., P.A., 2007 WL 1074663, at *3 (M.D.N.C. Apr. 4, 2007)). See also Keene v. Rinaldi, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000). Additionally, Plaintiff did not dispute Defendant's Motion to Strike Plaintiff's Punitive and Emotional Distress Damages. (Doc. No. 19, p. 22). For these reasons, Defendant's motion to strike Plaintiff's request for punitive and emotional distress damages is granted.

## IV. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is DENIED and Defendant's Motion to Strike is GRANTED. (Doc. No. 16).

TAKE NOTICE that the Court intends to conduct a pretrial conference in this matter immediately following docket call on September 12, 2022. The parties' jointly prepared pretrial submissions due under the Case Management Order shall be due on Friday, September 9, 2022. While docket call will take place on September 12, 2022, jury selection in this matter will take place on September 19, 2022, with trial to begin thereafter. As such, the Court directs that any motions in limine shall be filed on September 12, 2022, and any responses thereto shall be due on September 15, 2022. If the Court finds oral argument on the motions in limine would be helpful, it will conduct such argument after the jury is selected and on the first day that trial is set to begin.

IT IS SO ORDERED.

Signed: August 30, 2022

Frank D. Whitney
United States District Judge